STRINGER, Judge.
Tony Knighten appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Knighten was convicted of burglary and two counts of sexual battery in 1982. He was sentenced to life followed by a consecutive thirty years in prison with the trial court retaining jurisdiction over one-third of the thirty-year sentence. Knighten alleges that his sentence is illegal in two regards. We affirm as. to Knighten’s first claim without comment but reverse as to his second.
Knighten alleges that the retention of jurisdiction over one-third of his consecutive thirty-year sentence is illegal. We agree. See King v. State, 594 So.2d 858 (Fla. 4th DCA 1992) (holding that trial court may not retain jurisdiction over a portion of a determinate sentence which runs consecutively to and follows a life sentence). Ordinarily, on remand, the trial court would have the option of either striking the retention of jurisdiction or restructuring Knighten’s sentences so the determinate sentence would run first and maintaining the retention of jurisdiction. See id. In this case, however, the one-third portion of Knighten’s determinate sentence has long since expired, and there would be no purpose to maintaining the retention of jurisdiction. We therefore reverse and remand for the trial court to strike the provision retaining jurisdiction. Knighten need not be present when this is done.
Affirmed in part; reversed in part; and remanded.
FULMER, A.C.J., and GREEN, J., concur.